**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARSH U.S.A., INC.,**

      Plaintiff,

vs.                                                                         Case No.  8:04-cv-1968-T-24MSS

**WALPOLE, INC.,**

      Defendant.
_____/

**O R D E R**

This cause comes before the Court for consideration of Plaintiff's Motion to Dismiss

Counterclaim (Doc. No. 33).  Defendant filed a response thereto (Doc. No. 41).  Plaintiff

contends that Defendant's Counterclaim fails to provide a sufficient statement of Defendant's

claims in several respects and, therefore, must be dismissed.

Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232 (1974).  A complaint

should not be dismissed for failure to state a cause of action "unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Bank v. Pitt, 928 F.2d 1108, 1111-12 (11th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-

46 (1957)).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail

the facts upon which he bases his claim."  Conley, 355 U.S. at 47.   All that is required is "a

short plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  The standard for a 12(b)(6) motion

is not whether the plaintiff will ultimately prevail in his or her theories, but whether the

allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the

allegations.  Jackson v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir.

1986).  The Federal Rules of Civil Procedure have adopted this "simplified pleading" approach

because of "the liberal opportunity for discovery and other pretrial procedures ... to disclose

more precisely the basis of both claim and defense ...."  Conley, 355 U.S. at 48.  The purpose of

notice pleading is to reach a decision on the merits and to avoid turning pleading into a "game of

skill in which one misstep by counsel may be decisive to the outcome."  Id.

Discussion

Plaintiff advances three arguments to support its contention that Defendant's

Counterclaim fails to state a cause of action upon which relief can be granted.  Each of these

arguments is discussed, in turn, below.

I.      Failure to Plead Fraud with Specificity

First, Plaintiff argues that Defendant failed to plead its fraud claim with the particularity

required by Federal Rule of Civil Procedure 9(b).  Specifically, Plaintiff contends that Counts I

and II of the Counterclaim contain general allegations of fraud, but fail to provide the specific

circumstances constituting Plaintiff's fraudulent conduct.

Rule 9(b) requires claims of fraud to be plead with particularity.  "The particularity rule

serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct

with which they are charged' and protecting defendants 'against spurious charges of immoral

and fraudulent behavior.'"  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)

(quoting Durham v. Business Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)).

The particularity requirement of Rule 9(b), however, does not abrogate the concept of

2

notice pleading embodied in Federal Rule of Civil Procedure 8(a).  Id.  In fact, when considering

a motion to dismiss for failure to plead fraud with particularity, the Eleventh Circuit instructed

courts to "harmonize the directives of rule 9(b) with the broader policy of notice pleading." See

Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Accordingly, the Eleventh Circuit has concluded that Rule 9(b) may be satisfied when a

plaintiff alleging fraud pleads: (1) the precise statements, documents, or misrepresentations

made; (2) the time, place, and person responsible for the statement; (3) the content and manner in

which the statement misled the plaintiff; and (4) what the defendant gained by the alleged fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

Additionally, the Eleventh Circuit has also stated that Rule 9(b) may be satisfied through other,

alternative means.  Id. (citing Durham, 847 F.2d at 1512); see also Seville Indus. Mach. Corp. v.

Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984) (commenting that allegations of date,

place, and time satisfy Rule 9, but are not required by it).  For example, "while mere conclusory

allegations of fraud will not satisfy Rule 9(b), allegations which provide a reasonable delineation

of the underlying acts and transactions allegedly constituting the fraud are sufficient."  In re

Sahlen & Assocs., Inc., 773 F. Supp. 342, 352 (S.D. Fla. 1991).

When reviewing the Counterclaim against these standards, this Court finds that

Defendant has plead Counts I and II with sufficient particularity to satisfy Rule 9(b).  The

Counterclaim sets forth a description of Plaintiff's allegedly fraudulent scheme and references

specific transactions that allegedly constitute fraudulent behavior.  As plead, the Counterclaim

gives Plaintiff notice of the claims against it and provides Plaintiff with enough information to

properly formulate a defense.  Accordingly, Plaintiff's motion to dismiss is denied as to this

ground.

II.      Failure to Attach a Document

Next, Plaintiff argues that Defendant's Counterclaim should be dismissed because

Defendant failed to provide any evidence of an agreement between the parties.  In particular,

Plaintiff asserts that under Federal Rule of Civil Procedure 10(c), it is an improper pleading

practice to allege the existence of a contract without attaching that contract to the Counterclaim.

Rule 10(c) provides that "any written instrument which is an exhibit to a pleading is a

part thereof for all purposes."  However, Rule 10(c) is permissive in nature and not compulsory.

Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) (quoting

Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991)); see also Bryant v.

Avado Brands, Inc., 187 F.3d 1271, 1281 n.16 (11th Cir. 1999).  As a result, a plaintiff is not

required to attach a document to a pleading, even when that document serves as the basis for the

plaintiff's claim.  Venture, 987 F.2d at 431.

Accordingly, failure to attach a document is not a valid ground for dismissal, and this

Court must deny Plaintiff's motion to dismiss on this basis.

III.     Failure to Conduct a Reasonable Factual Investigation

Last, Plaintiff argues that Defendant's Counterclaim must be dismissed because

Defendant inappropriately relies on other complaints filed against the Plaintiff "to plead its

case."  Plaintiff contends that this evidences a failure to conduct a reasonable inquiry, as required

by Federal Rule of Civil Procedure 11(b).

Plaintiff's argument that Defendant's reliance on pleadings from other cases is

inconsistent with the requirements of Rule 11 lacks merit.  <u>See</u> <u>Muth v. Dechert, Price &</u>

<u>Rhoads</u>, 391 F. Supp. 935, 938 (E.D. Pa. 1975)(suggesting that the court would consider

pleadings from another case in determining the sufficiency of the complaint had the pleadings

from the other case been physically attached to the complaint).  Plaintiff has not established that

Defendant's reliance on those other pleadings violates Rule 11.  The Court notes that Plaintiff

fails to cite to any case law in support of its argument.  Accordingly, the Court must deny the

motion to dismiss on this ground.

Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss

Counterclaim (Doc. No. 33) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of September, 2005.

SUSAN C. BUCKLEW
United States District Judge